```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

JAMES WHITE,                        :

    Petitioner,                 :

vs.                                 :     CIVIL ACTION 08-00140-KD-B

WARDEN LOUIS BOYD,                  :

    Respondent.                 :

## REPORT AND RECOMMENDATION

James White, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004). Following a complete review of this action, the undersigned recommends that the petition be dismissed as barred by the statute of limitations.

## FINDINGS OF FACT

White pled guilty to second degree robbery in the Mobile County Circuit Court and was sentenced to life imprisonment as a habitual

felony offender on September 28, 1988.[1] (Doc. 1; Doc. 8, Ex. A). White did not appeal his conviction and sentence. (Docs. 1, 8). In his instant petition, White asserts that he filed a Rule 20[2] petition in the Circuit Court. His petition was denied by the Circuit Court on October 27, 1989. (Doc. 1); see also (Doc. 8, Ex. B) (noting that White's Rule 32 petition filed in October 2005 was his second such petition).  On August 4, 2005, White filed a motion for reconsideration of sentence under § 13A-5-9.1, also referred to as a Kirby motion, see Kirby v. State, 899 So. 2d 968 (Ala. 2004); however, on March 30, 2006, White's motion for reconsideration was denied. White appealed, and the Alabama Court of Criminal Appeals dismissed his appeal as untimely filed on July 24, 2006. (Doc. 8, Ex. A).  On October 27, 2005, White filed a Rule 32 petition with the trial court challenging his robbery conviction and alleging that the trial court lacked jurisdiction to render judgment or impose

---

[1] It appears from the record that Petitioner was convicted in case CC-84-207, by a jury, of first degree robbery on March 13, 1984, and received a sentence of life without parole.  Petitioner appealed, and pursuant to the mandate of the U.S. Supreme Court, Petitioner's case was remanded to the Alabama Court of Criminal Appeals for further consideration in light of Griffith v. Kentucky, 479 U.S. 314 (1987) and in order to conduct a Batson hearing. Ultimately, on December 14, 1987, Petitioner was granted a new trial. The conviction and sentence Petitioner presently challenges is a result of said new trial. (Doc. 8, Ex. A).

[2] Temporary Rule 20, Ala. R. Crim. P., was the precursor to Rule 32, which became effective on January 1, 1991.  See Ex parte Rice, 565 So. 2d 606, 607 n.1 (Ala. 1990).
Respondent acknowledges that White may have filed such a petition for state post-conviction relief but indicates that records are not available.  (Doc. 8 at 2 n.1).

sentence due to defects in his amended indictment. (Docs. 1; 8, Ex. A).  White's petition was summarily denied by the trial court, on February 16, 2007, pursuant to Ala. R. Crim. P. 32.2(b), 32.2(c), and 32.7(d).  (Doc. 1; see Doc. 8, Ex. B). The Alabama Court of Criminal Appeals affirmed the trial court's decision on June 22, 2007.[3] (Doc. 8, Ex. B).  The Alabama Supreme Court issued a certificate of judgment denying White's petition for writ of certiorari on September 14, 2007. (Doc. 8, Ex. C).

---

[3]According to the appellate court:

> White argues that, because he was originally indicted and convicted for first-degree robbery, his indictment could not have been amended to charge second-degree robbery because there was no other person present and aiding in the commission of the offense.
> ...
> Although couched in jurisdictional terms, White's claim is not truly jurisdictional. See Ex parte Seymour, 946 So. 2d 536 (Ala. 2006) (the validity of an indictment is "irrelevant" to a circuit court's subject-matter jurisdiction). Thus, the circuit court correctly concluded that White's claim is precluded by Rule 32.2(c), because the petition was filed long after the expiration of the limitations period, and by Rule 32.2(b), because this is a successive petition and White has failed to show that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice. Therefore, summary disposition was proper.
>
> For the foregoing reasons, the judgment of the circuit court is due to be affirmed.
> AFFIRMED.

On March 11, 2008[4], White filed the instant petition seeking habeas relief in this Court. (Doc. 1).  White raises one claim in his petition.  He alleges that the trial court lacked jurisdiction to amend his indictment, which originally charged him with first degree robbery, to include the charge of second degree robbery, which served as the basis for his guilty plea.  (Id.)  Respondent filed an Answer alleging that White's petition should be dismissed as time-barred. (Doc. 8).  For the reasons set forth herein, the undersigned recommends that the petition be dismissed as barred by the one-year statute of limitations.

## CONCLUSIONS OF LAW

Pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996 enactment of The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review."  The Act provides that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court.  The limitations period shall run from the latest of–

---

[4]Under the prison mailbox rule, the Court will assume that White actually delivered his petition to prison officials for mailing and filed his habeas petition on March 11, 2008, the date that it was signed and dated. Houston v. Lack, 487 U.S. 266, 271-272, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Washington v. United States, 243 F.3d 1299 (11th Cir. 2001).

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

    For prisoners convicted prior to the enactment of the AEDPA, the statute of limitations is considered to run from the Act's effective date of April 24, 1996. Drew v. Dep't of Corr., 297 F.3d 1278, 1283 (11th Cir. 2003); Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999), cert. denied, 528 U.S. 1085, 120 S. Ct. 811, 145 L. Ed. 2d 683 (2000).  In other words, AEDPA's one-year statute of limitation expires on April 23, 1997, for habeas petitions filed by those inmates convicted prior to AEDPA's enactment date.

    In the instant action, White did not directly appeal his conviction or sentence; thus, his conviction became final when the 42 day period to appeal provided for by Ala.R.App.P. 4(b)(1)

expired, that is, on November 9, 1988.[5]  Because White's conviction became final *prior* to enactment of the AEDPA, his petition for habeas corpus relief should have been filed no later than April 23, 1997.  White's habeas corpus petition was not filed in this Court until March 11, 2008, almost eleven (11) years after the statutory deadline had expired.  Thus, unless White can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition is untimely.

Section 2244(d)(2) of the AEDPA provides for the tolling of the limitations period pending state court review of a properly filed application for post-conviction relief. See In Re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006).  The record reveals that on April 24, 1996, White had no applications for state post-conviction review pending, nor did he file any such applications during the year that followed.  White's first application for state post-conviction relief was denied by the trial court on October 27, 1989.[6]  This initial proceeding concluded well *before* the AEDPA one-year statute of limitation began to run on April 24, 1996; thus, White's Rule 20 petition was not pending during the limitations period, and  "even

---

[5]"In a criminal case, [Alabama law provides that] a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (6 weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2)." Ala.R.App.P. 4(b)(1).

[6]The date White filed his Rule 20 petition is unclear from the record.

'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period." Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) Therefore, White's Rule 20 petition could not work to toll the limitations period.

In addition, although White subsequently filed a Kirby motion and a second Rule 32 petition, neither of these petitions were pending during the running of the limitations period as they were filed on August 4, 2005, and October 27, 2005, respectively, which dates are well *after* the AEDPA limitation period had expired. A state court filing initiated after expiration of the federal habeas deadline does not revive the deadline. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)("While a properly filed application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.")(citation omitted); see also Webster, 199 F.3d at 1259 ("A state-court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); Tinker v. Moore, 255 F.3d 1333, 1335. n.4 (11th Cir. 2001)("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). Consequently, none of White's applications for state post-conviction relief tolled the habeas limitations period; thus, his federal habeas petition was untimely filed.

Before recommending dismissal of White's petition for habeas relief as untimely, the undersigned must determine whether Petitioner has pled extraordinary circumstances which require a contrary conclusion. The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). See also Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618-19 (3rd Cir. 1998)("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'... Generally, this will occur when the petitioner has 'in some extraordinary way ... been prevented from asserting his or her rights.'... The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'... Mere excusable neglect is not sufficient."). Moreover, in the Eleventh Circuit, as a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Sec'y of Dep't of Corr., 259 F.3d 1310, 1314 (11th Cir. 2001), cert. denied, 535 U.S. 1080, 122 S.Ct. 1965

(2002); Drew v. Dep't of Corr., 297 F.3d 1278, 1286-87 (11th Cir. 2002).

In this case, White asserts that his petition should not be dismissed as untimely because his conviction became final prior to the enactment of AEDPA, and pre-AEDPA standards, which did not require a one year limitation period, should apply. (Doc. 1, p. 14). White's contention is without merit. 28 U.S.C. § 2254 governs the authority of the federal courts to consider applications for writs of habeas corpus submitted by state prisoners. Henderson v. Campbell, 353 F.3d 880, 889 (11th Cir. 2003). Section 2254 was amended by AEDPA, which became effective April 24, 1996. Id. at 890. Since White filed his petition *after* that date, this case is governed by AEDPA. The Eleventh Circuit has concluded that, in light of the limitations period prescribed by AEDPA, prisoners convicted prior to its enactment should be given a "reasonable time" to file their habeas petitions and determined that a reasonable period was until April 23, 1997, that is, one year after AEDPA's effective date. Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998).  As such, White's habeas petition should have been filed no later than that date.[7]

White further states that AEDPA's one-year limitation should not apply because his claim was not adjudicated on the merits in

---

[7] Furthermore, it is significant to note that Petitioner makes no argument that he was ignorant of the one-year limitation period.

the state courts.[8] (Doc. 1, p. 12) However, the circumstances surrounding White's state court proceedings do not answer the question of why his habeas petition was filed outside of the statute of limitations, nor do they provide a justification to equitably toll the time in which he had to file. As noted above, equitable tolling is appropriate when a petitioner fails to timely file his petition due to extraordinary circumstances beyond his control and unavoidable even with diligence. Steed, 219 F.3d at 1300. The burden firmly rests with the petitioner to establish that he is entitled to the benefit of this extraordinary remedy. Drew, 297 F.3d at 1286. White has not alleged the existence of extraordinary circumstances beyond his control that prevented him from filing a timely petition, nor has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claims and in bringing forth his habeas petition. Further, White has also failed to allege, let alone offer, any evidence that suggests that he is actually innocent of the offense for which he was convicted.[9]

Where Respondent has asserted the defense of statute of limitations and Petitioner has failed to meet his burden of establishing extraordinary circumstances which would justify the

---

[8]The state court's rationale for denying White's Rule 20 petition is unknown.

[9]Notably, White does not deny that he committed the robbery in question. He asserts, however, that he acted alone when he committed the offense. See (Doc. 1, pp. 15, 19).

equitable tolling of AEDPA's limitations period, the undersigned must recommend that this case be dismissed as time-barred. Accordingly, the undersigned finds that because White has neither demonstrated actual innocence, nor established that equitable tolling is warranted in this case, his federal habeas petition should be dismissed as time-barred, and judgment should be entered in favor of Respondent.

## CONCLUSION

For the reasons set forth above, it is the opinion of the undersigned Magistrate Judge that White's petition for habeas corpus relief should be **DENIED**. It is so recommended.

The attached sheet contains important information regarding objections to this recommendation.[10]

**DONE** this **13th** day of **July, 2009**.

                              **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[10] In light of the instant Report and Recommendation, White's "Motion for Disclosure" (Doc. 11), which the Court is treating as a Motion for Status, is denied as **MOOT**.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are

adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                          **/s/ SONJA F. BIVINS**
                            **UNITED STATES MAGISTRATE JUDGE**