IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES WHITE,                          :

     Petitioner,                      :

v.                                    : CIVIL ACTION NO. 08-00140-KD-B

WARDEN BOYD,                          :

     Respondent.                     :

## REPORT AND RECOMMENDATION

This action, which is before the Court on Petitioner James White's Motion for Issuance of a Certificate of Appealability (Doc. 16), has been referred to the undersigned for the issuance of a report and recommendation. Based upon a through review of Petitioner's motion, and the case file, the undersigned recommends that White's Motion for a Certificate of Appealability (hereinafter "COA") be denied.

White filed the instant action challenging his 1988 conviction. (Doc. 1). White pled guilty to second degree robbery in the Circuit Court of Mobile County and was sentenced to life imprisonment as a habitual felony offender on September 28, 1988. (Doc. 1; Doc. 8, Ex. A). On July 14, 2009, the undersigned Magistrate Judge issued a Report and Recommendation (Doc. 12). In the report, the undersigned found that White's claims are barred by the one-year statute of limitation established in the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter

"AEDPA"), that White failed to establish that extraordinary circumstances beyond his control prevented him from timely filing his petition, and that White failed to allege, let alone establish, that he is actually innocent of the offense for which he was convicted.    White filed an Objection to the Report and Recommendation (Doc. 13).   His Objection was overruled by U.S. District Judge Kristi Dubose, his petition was denied, and judgment was entered against him. (Docs. 14, 15).  White filed the instant Motion for Certificate of Appealability (Doc. 16) on August 17, 2009.

White's appeal is governed by 28 U.S.C. § 2253(c)(1)(B), which provides in pertinent part that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State Court." Id.; see also Fisher v. Jones, 2007 U.S. Dist. LEXIS 31006 (S.D. Ala. Apr. 25, 2007). Thus, a COA is ordinarily a jurisdictional prerequisite to an appeal in a habeas corpus proceeding for relief from detention originating in state court process. See, e.g., Medberry v. Crosby, 351 F.3d 1049, 1063 (11th Cir. 2003).    "The certificate of appealability is a threshold or gateway requirement which serves to filter out from the appellate process cases in which the possibility of reversal is too unlikely to justify the cost to the

system of a full appellate examination." <u>Gonzalez v. Sec'y of Dep't of Corrs.</u>, 366 F. 3d 1253, 1264 (llth Cir. 2004); <u>United States v. Westry</u>, 2007 U.S. Dist. LEXIS 92510 (S.D. Ala. Dec. 14, 2007).   A COA is required for an appeal by a state prisoner in any action brought under either 28 U.S.C. § 2241 or § 2254, inasmuch as the detention complained of arises out of process issued by a state court regardless of which statute is invoked.  <u>See</u> <u>Medberry</u>, 351 F.3d at 1063 & n.9.

     It is well established that a COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); <u>Hardwick v. Singletary</u>, 126 F.3d 1212, 1213 (llth Cir. 1997).  The Supreme Court has observed in the context of a COA, that § 2253's "substantial showing" requirement means that a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

     Where a district court denies a habeas petition on procedural grounds distinct from the merits of the underlying claims, "a COA should issue only if the petitioner shows 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason

would find it debatable whether the district court was correct in its procedural ruling.'" <u>Lawrence v. Florida</u>, 421 F.3d 1221, 1225 (11th Cir. 2005) In that instance, both showings must be made before the appeal may be entertained.   <u>Id.</u>

In his motion, White merely raises the same arguments that were considered and rejected by the undersigned and by the District Court.   He does not contend that he exhausted his claims, but instead contends that the omission should be forgiven because he is raising an alleged constitutional violation and because the state courts never reached the merits of his claims.   Notwithstanding Petitioner's assertions, the law is clear that equitable tolling is only permitted when a petitioner establishes that his untimely filing resulted from extraordinary circumstances that are both beyond his control and unavoidable even with diligence. <u>Steed v. Head</u>, 219 F.3d 1298, 1300 (11th Cir. 2000). White has made no such showing, nor has he alleged, let alone established, that he is actually innocent of the offense for which he convicted. Accordingly, based upon a careful review of White's motion, and the case file, the undersigned finds that reasonable jurists could not debate whether White's petition should have been resolved in a different manner.   Thus, the undersigned recommends that White's Motion for a COA be denied.

<u>CONCLUSION</u>

Based on the foregoing, the undersigned Magistrate Judge is of

4

the opinion that White's Motion for a COA should be denied.  It is so recommended.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this **8th** day of **September, 2009**.

                                             **/S/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.    **<u>Objection</u>**.    Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   <u>See</u> 28 U.S.C. § 636(b)(1)©; <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different

6

disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.